IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:03CR290 |
| v. | ) | |
| | ) | |
| RASHAD MCKAY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion for a new trial pursuant to Fed. R. Crim. P. 33 (Filing No. 319). Having reviewed the motion, the parties' submissions, and the applicable law, the Court finds that defendant's motion should be denied.

**FACTS**

On June 2, 2004, a jury found the defendant, Rashad McKay, guilty of conspiracy to distribute 50 or more grams of cocaine base. The Court sentenced McKay to 307 months imprisonment, 5 years of supervised release and a special assessment in the amount of $100.00. McKay appealed his sentence and conviction to the Eighth Circuit Court of Appeals, and following the decision in *United States v. Booker*, 543 U.S. 220 (2005), the parties filed a joint motion to remand for sentencing. The Court re-sentenced McKay to 210 months imprisonment, and on appeal, the Eighth Circuit affirmed.

McKay moves for a new trial pursuant to Fed. R. Crim. P. 33(b)(1) based on allegedly newly discovered evidence, seeking an evidentiary hearing to examine the witnesses and/or a new trial.[1] McKay claims that since his trial, four government witnesses have recanted their testimony and acknowledged that they committed perjury or were coerced and cajoled by officers to make untrue statements.

In support of his motion, McKay submits four exhibits, purportedly statements or affidavits from the four witnesses who allegedly testified falsely: Kevin Birdine (Filing No. 319, Ex. A ("Exhibit A")), Fonta Whitlock (Filing No. 319, Ex. B ("Exhibit B")), Levi Brown (Filing No. 319, Ex. C ("Exhibit C")), and Karlos Harper (Filing No. 319, Ex. D ("Exhibit D")).

Exhibit A is the first page of a letter from Birdine to "J.D." McKay claims that Birdine "acknowledges his perjury" in this letter; however, the letter does not state that Birdine committed perjury in McKay's trial. Instead, Birdine appears to apologize to J.D. for testifying at J.D.'s and others' trials. Moreover, this is an unsigned, incomplete portion of a letter written to a friend. The government submits Exhibit 1, which is an affidavit signed by Birdine (Filing No. 321, Ex. 1 ("Exhibit 1")). In Exhibit 1, Birdine swore under oath that he did not

---

[1] Rule 33(b)(1) states, in pertinent part: "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."

commit perjury at McKay's trial, was not coerced into testifying falsely, and did not induce anyone else to testify falsely.  He stated he wrote the letter to alleviate the pressure from those with whom he was housed and against whom he had testified. Birdine denied McKay's allegation that Birdine and Marcell Bennett, another government witness, recruited each other to testify falsely at trial.  Birdine also refutes McKay's allegation that the witnesses were housed together and traveled to court together.

Exhibit B is a signed and notarized statement of Fonta Whitlock, stating that Whitlock made false statements under duress and coercion against Terron Brown.  Whitlock testified at Terron Brown's trial, 8:03CR289, but he did not testify at McKay's trial.  The government submits Exhibit 2, which is an affidavit signed by Whitlock, stating that McKay, along with two others, entered Whitlock's cell in CCA, Leavenworth, Kansas, while two others waited outside his cell, and demanded that Whitlock sign a statement (Filing No. 321, Ex. 2).  He also denied testifying falsely at Terron Brown's trial and denied that Officer Gassaway coerced or threatened him.

Exhibit C is an unsigned statement, purportedly of Levi Brown, stating that Brown's testimony at McKay's trial was false. The government submits Exhibit 3, which is an affidavit signed by Brown, refuting allegations of false testimony and coercion

-3-

(Filing No. 321, Ex. 3).  Brown states that McKay approached him
at CCA, Leavenworth, Kansas, about signing a statement, but he
refused to do so.  He states that Officer Gassaway did not coerce
him and that he did not testify falsely.

Exhibit D is a signed and notarized statement of Karlos
Harper, who was not a witness at McKay's trial.  Harper testified
at a pretrial hearing and the trial of Jerome Bass, 8:04CR384.
Exhibit D states that Officer Gassaway coerced Harper into
providing false information against Jerome Bass.  He testified at
the pretrial hearing that he never told Officer Gassaway that he
saw Jerome Bass sell crack.  However, after a break in the
hearing, he corrected his testimony and admitted that in his
proffer, he had told Officer Gassaway that he had seen Jerome
Bass sell crack.  He later testified at the trial that his
statement (Exhibit D), claiming that Officer Gassaway coerced
into making statements against Jerome Bass, was untrue
(8:04CR384, Filing No. 113 at 369:4-370:14).

### DISCUSSION

"Five pre-requisites must be met in order to justify a
new trial based upon newly discovered evidence: '(1) the evidence
must in fact be newly discovered, that is, discovered since the
trial; (2) facts must be alleged from which the court may infer
diligence on the part of the movant; (3) the evidence relied upon
must not be merely cumulative or impeaching; (4) it must be

-4-

material to the issues involved; and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal.'" *United States v. Womack*, 191 F.3d 879, 886 (8th Cir. 1999)(citing *United States v. Luna*, 94 F.3d 1156, 1161 (8th Cir. 1996)).  The Eighth Circuit looks upon recantation of testimony with suspicion.  *United States v. Dogskin*, 265 F.3d 682, 685 (8th Cir. 2001).  Furthermore, "[m]otions for a new trial based on newly discovered evidence are disfavored."  *Id*.

In *United States v. Womack*, 191 F.3d 879 (8th Cir. 1999), the Eighth Circuit Court of Appeals affirmed a district court's denial of a motion for new trial based upon newly discovered evidence.  In *Womack*, the defendant alleged that five of the government witnesses in his trial conspired to fabricate testimony against him in order to receive downward departures in their sentences.  The court found the witnesses allegations of fabrication were not credible, noting that four of the five witnesses gave statements prior to Womack's trial that were consistent with their trial testimony.  Further, the court found that even if the five witnesses testified falsely, there were still eight witnesses who testified to the defendant's drug distribution.  The court found the defendant had not satisfied the fifth prerequisite.  *Id*. at 885–86.

-5-

Similar to *Womack,* the Court finds that McKay has not met the fifth prerequisite for a new trial based on newly discovered evidence. Even if the Court accepted McKay's allegations as true, it is unlikely the newly discovered evidence would produce an acquittal. First, of the four witnesses to which McKay cites, only Birdine and Brown actually testified at McKay's trial. Whitlock and Harper did not testify at McKay's trial; therefore, their statements (Exhibits B and D) are irrelevant to this motion. Moreover, Whitlock signed an affidavit stating he did not testify falsely at Terron Brown's trial, and Harper testified at trial that his statement (Exhibit B) was untrue (8:04CR384, Filing No. 113 at 369:4-370:14).

Next, with respect to the remaining allegedly newly discovered evidence, Exhibit A is an incomplete and unsigned portion of a letter from Birdine to a friend, and Exhibit C is an unsigned statement. On the other hand, Birdine's and Brown's affidavits (Exs. 1 and 3), denying false testimony and coercion, were signed and notarized. The Court notes that even if Birdine's and Brown's testimony at McKay's trial was false, seven other witnesses testified to McKay's drug dealing, making the possibility of an acquittal unlikely. *See Womack*, 191 F.3d at 886. Finally, contrary to McKay's unsupported assertion, there is no evidence that Officer Gassaway lied under oath in McKay's trial.

-6-

"Absent exceptional circumstances, a motion for new trial based on newly discovered evidence may be decided on affidavits without a hearing." *United States v. Dogskin*, 265 F.3d 682, 687 (8th Cir. 2001).  The Court finds no exceptional circumstances in this case.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of March, 2007.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-7-