IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )      8:03CR290
                              )
      v.                      )
                              )
RASHAD MCKAY, also known as   )      MEMORANDUM OPINION
RASHOD MCKAY,                 )
                              )
            Defendant.        )
_____)
```

This matter is before the Court on defendant's motion to vacate, correct or set aside sentence and conviction (Filing No. 388), the government's answer to his motion (Filing No. 399), and the government's brief (Filing No. 400) and index of evidence in support of their answer (Filing No. 401), and defendant's response to the government's brief (Filing No. 404). Having reviewed all of the filings of the parties, as well as substantial portions of the transcript of the trial, the Court finds the motion will be denied.

Defendant's motion is premised on Title 28, United States Code, § 2255. He alleges that he did not receive effective assistance of counsel in violation of his Sixth Amendment right. He sets forth nine alleged prejudicial errors upon which he is relying for the granting of his motion.

**STANDARD OF REVIEW**

The United States Supreme Court has long recognized that the Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684 (1984). This right to counsel is "the right to effective assistance of counsel." *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)). An ineffective assistance of counsel claim has two components: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would

have a reasonable doubt respecting guilt, based upon the totality of the evidence.  *Id.* at 695.

## DISCUSSION

Defendant asserts his trial counsel provided ineffective assistance in the following nine categories:

> 1) Ineffective assistance of counsel for not preventing evidence before the "on or about" date of the indictment;
>
> 2) For not objecting to the police officers' and AUSA improper statements and vouching for the cooperating witnesses.
>
> 3) For not requesting an adequate or defined buyer-seller instruction.
>
> 4) For not raising a violation of the Federal Rules of Criminal Procedure Rule 5 regarding his initial appearance, for not protecting his right under the I.A.D.'s anti-shuttling directives, and for not protecting, arguing and preserving the defendant's right to a speedy trial; and addressing the "district court's interest of justice" finding.
>
> 5) For not raising sufficiency of the evidence and failure to request a correction of his sentence;
>
> 6) For allowing a variance/ constructive amendment of the indictment in the way that the evidence was presented and for not preventing the instruction of cocaine into the defendant's trial.

>    7) For presenting an incomplete
>    defendant.
>
>    8) For improper use and admission
>    of proffer statements; and
>
>    9) For failure to object to
>    questions from the Judge and jury.

The first prejudicial error alleges ineffective assistance of counsel for not preventing evidence before the "on or about" date of the indictment. The defendant's argument is that the indictment charged a conspiracy which commenced on or about October 1, 1998, and continued through on or about June 12, 2003, but his counsel failed to limit the evidence to that time period. The Court has reviewed the transcript of the testimony of the witnesses who testified for the government (Filing Nos. 209 through 213). Only three witnesses were asked any questions regarding a period prior to October, 1998. In each instance, counsel for the defendant objected. The Court ruled that evidence of any transactions prior to January 1, 1998, would be received only as Rule 404(b) evidence with an appropriate instruction to the jury.

In reviewing the testimony of these three witnesses, Kevin Birdine, William Watson and Gregory Figures, there was reference to transactions prior to 1998, and in each instance, the Court gave the jury an appropriate Rule 404(b) instruction.

The Court found only three such references, and it is clear that substantially all of the testimony regarding cocaine

and crack cocaine transactions among these defendants occurred beginning in late 1998, and continuing up until 2003.  This issue was not raised on appeal by counsel for the defendant, but it is clear to the Court that the testimony which referenced events prior to January 1, 1998, and in fact references to events which occurred in the first half of 1998 were minimal, and their exclusion would have had no impact upon the outcome of this case in view of the overwhelming evidence from the witnesses during the time of 1999 to June, 2003.

No showing has been made that there is a reasonable probability but for the failure to keep this evidence out the result of the proceeding would have been different.  In any event, the only issue which defendant can raise is not the substance of that testimony but whether counsel erred in not challenging that testimony.  Counsel did challenge that testimony during the trial and appropriate instructions were given to the jury with respect to how that testimony should be handled.  The Court finds that this claim is without merit.

His second prejudicial error claims that counsel was ineffective for not objecting to the police officer's "vouching of the cooperating witnesses."  He cites four places in the record, one or two lines in each place.  One of the cites references cross-examination by his own counsel.  None of the statements rise to the vouching for the credibility of any

-5-

witnesses, and this error deserves no further discussion and will be denied.

Defendant's third prejudicial error is that he had ineffective assistance of counsel for not requesting an adequate or more defined buyer/seller instruction. This issue was addressed by the Court on its instructions, in particular in Instruction No. 11 where the jury was instructed "that the relationship between the buyer and seller of drugs does not alone establish a conspiracy." The defendant does not suggest any other language and has made no showing that a further discussion of this relationship of buyer and seller would have produced a different result.

The fourth prejudicial error related to speedy trial issues. During his trial, his counsel contended that his rights under the Speedy Trial Act and Interstate Agreement on Detainers Act were violated by pretrial delay. The Court rejected these claims, and they were raised on appeal. The Court of Appeals thoroughly discussed each of these issues and resolved them against the defendant.

In addition, his claim that counsel was ineffective for not bringing up a violation of Federal Rule of Criminal Procedure 5 is also without merit. Rule 5(a)(1)(A) provides:

> A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or

>           before a state or local judicial
>           officer.

In this case, the defendant was taken before a magistrate judge upon the execution of the arrest warrant on September 9, 2003, in compliance with this rule. At the time the indictment was returned by the Grand Jury, defendant was in prison in Colorado. On or about August 5, 2003, writ of habeas corpus ad prosequendum was issued to the warden of the Buena Vista Correctional Complex in Denver, Colorado, requesting the appearance of defendant before Magistrate Judge Thalken on September 9, 2003 (Filing No. 7). The arrest warrant was executed on September 9, 2003, and McKay appeared before Magistrate Judge Thalken for his initial appearance and arraignment on that same day.

The record reflects there was no violation of Rule 5(a). This claim will be denied.

Prejudicial Error No. 5 relates to sentencing. A review of the sentencing of defendant in this case demonstrates that counsel was diligent in protecting defendant's interest. Indeed, he received a sentence substantially below the minimum sentence called for in the guidelines.

Prejudicial Error No. 6 relates to what the defendant calls a variance/constructive amendment of the indictment. This apparently is reference to the fact that some of the evidence related to cocaine and not crack cocaine, but a review of the

evidence reflects that it was the practice of the defendants that this defendant and other members of the conspiracy would buy powder cocaine and then convert it to crack cocaine.  This claimed prejudicial error has not merit, and like many of the others, is not deserving of any other discussion.

Prejudicial Error No. 7 relates to ineffective assistance of counsel for presenting an incomplete defense. Defendant suggests that counsel should have called an expert to establish that the government's witnesses were lying, but provides no evidence of who that witness might be, what the witness would have testified to, and how it would have changed the outcome of the trial.  During the course of the trial, defense counsel thoroughly and in lengthy cross-examination examined each of the government witnesses, using all of the available evidence they had to impeach the credibility of those witnesses.  The defense did call two witnesses to testify that Mr. Birdine and Mr. Bennett were lying.  As the Court of Appeals noted in its opinion in this case, 431 F.3d 1085, 1094 (8th Cir. 2005), "it is the task of the jury to evaluate the credibility of witnesses."  In fact the Court of Appeals referenced the testimony of the witnesses that attempted to impeach Birdine and Bennett's testimony, claiming that they were lying.  The Court noted that "This is generally not a basis for reversal.  Rather, it is something for the jury to consider."

The defendant has failed to show that this alleged error would have produced a different result. As the Court of Appeals noted in its opinion, the evidence of the defendant's involvement in this conspiracy was overwhelming.

He also claims prejudicial error in the improper use and admission of proffer statements and failure to object to questions from the Judge and jury. The United States Court of Appeals for the Eighth Circuit, as well as nearly every other circuit in the country, has recognized the propriety of permitting the jury to submit questions to be asked of a witness, and the Judge always has the obligation and the right to ask additional questions if the Judge feels it is necessary in order for the testimony of the witness to be clear and understandable. There was no admission of any proffer statements into evidence. They were used primarily by the defendant in cross-examination of witnesses, and this claimed error similarly has no merit. For all of the foregoing reasons, the Court finds that defendant's motion is without merit and should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 25th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court